Bill of exception No. 1 recites, in part, as follows:

"Undisputed testimony reflected Defendant was drivin a 1948 Buick automobile owned by Willie Hugh Bolt Jr; that Defendant and Willie Hugh Bolt Jr. were brothers; that together with their wives they left Terrell about four P. M. o'clock on January 14, 1956, and went to Dallas near where Defendant's wife works to let Defendant's wife get some groceries; after arriving in Dallas on Elm Street, Defendant and his wife went to the grocery store and after getting some groceries they went to a cafe to eat supper; they separated from Willie Hugh Bolt Jr. and his wife at the car; after separating, Willie Hugh Bolt's wife went down the street shopping and Willie Hugh Bolt alone walked to a package store about a block away and put the wine in the car without the knowledge of Defendant; Willie Hugh Bolt got in the car and soon his wife came to the car and got in; they sat there a few minutes and then came back to Terrell with Defendant driving; *at the time of the arrest Defendant R. C. Bolt had no knowledge of wine being in the car he was driving;* Defendant made no objection to a search of the car by officer Baker; *no evidence was offered that defendant knew the wine was in the car.*"

The court qualified this bill as follows:

"Officer Baker testified that he obtained defendant's permission to search the automobile and that Willie Hugh Bolt in defendant's presence denied ownership of the liquor at the time of the arrest."

We have examined the statement of facts and find no proof which would refute the recitations in the bill to the effect that appellant had no knowledge of the wine being in the car he was driving.

A number of the other questions raised will in all probability not occur in a further trial.

The judgment is reversed and the cause remanded.

**E. A. BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28706.

Court of Criminal Appeals of Texas.

Jan. 2, 1957.

**932**

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Driving while intoxicated upon a public highway is the offense, with punishment assessed at sixty days in jail.

The record before us contains no statement of facts or bills of exception, without which nothing is presented for review.

The judgment is affirmed.